UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSIE J. BARNES,

                              Plaintiff,                     9:22-cv-62 (BKS/CFH)

v.

STACY DOMINIC, et al.,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Jessie J. Barnes
09-B-2707
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, NY 14716

*For Defendants:*
Letitia A. James
Attorney General of the State of New York
Amanda K. Kuryluk
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff Jessie J. Barnes, an inmate, commenced this civil rights action asserting Eighth Amendment excessive force and failure to intervene claims under 42 U.S.C. § 1983 arising out of his incarceration at the Upstate Correctional Facility. (Dkt. No. 1). On June 15, 2023, Defendants filed a motion to dismiss under Fed. R. Civ. P. 37 and 41 based upon Plaintiff's repeated failure to attend his deposition, failure to comply with the Court's discovery order, and failure to prosecute this action. (Dkt. No. 68). After having been given numerous extensions of

time to file a response to the motion, (Dkt. Nos. 76, 79, 84, 87), Plaintiff filed an untimely response on January 10, 2024. (Dkt. No. 88).[1] This matter was assigned to United States Magistrate Judge Christian F. Hummel who, on January 18, 2024, issued a Report-Recommendation and Order recommending that Defendants' motion to dismiss for lack of prosecution be granted and that Plaintiff's complaint be dismissed without prejudice. (Dkt. No. 89). Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 89, at 2).

Plaintiff filed a timely objection to the Report-Recommendation. (Dkt. No. 91). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

I.      **STANDARD OF REVIEW**

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320,

---

[1] Plaintiff's response was due by December 18, 2023. (Text Order dated December 6, 2023). Plaintiff disputes that his response was untimely, but the Court does not need to consider that issue because the Court has considered his response.

2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## II.  DISCUSSION

Magistrate Judge Hummel placed his decision on the record on January 11, 2024, and on January 12, 2024, and incorporated these rulings into the Report-Recommendation. (Dkt. No. 89, at 2; *see* Dkt. No. 89-1 (Transcript of Jan. 12, 2024 proceedings); Dkt. No. 89-2 (Transcript of Jan. 11, 2024 proceedings)).

### A.  The January 11, 2024 Ruling

Magistrate Judge Hummel detailed how Plaintiff's deposition was scheduled on two separate occasions, but he refused to participate because corrections officers would not remove his shackles. (Dkt. No. 89-2, at 3–4). "[C]orrections officers would not remove Plaintiff's handcuffs and shackles because of his security status." (*Id.* at 3). Magistrate Judge Hummel cited to the mandatory pretrial discovery and scheduling order, issued on August 1, 2022, which gave Defendants leave to take Plaintiff's deposition, and which specifically provided that "disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a ground on which plaintiff may refuse to answer appropriate questions." (*Id.* at 2 (citing Dkt. No. 36, at 5)). The order further provided that "[t]he failure of the plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (Dkt. No. 36, at 5).

Following Plaintiff's second refusal to be deposed while shackled, Magistrate Judge Hummel gave Defendants leave to file a motion to dismiss. Magistrate Judge Hummel noted that he granted Plaintiff four extensions of time to respond to Defendants' July 15, 2023 motion to dismiss, extending the due date for a response to December 18, 2023, and that as of the date of this ruling, on January 11, 2024, Plaintiff had not responded to the motion. (Dkt. No. 89-2, at 5-7).

Magistrate Judge Hummel noted that all of the relevant factors weighed in favor of dismissal under Rule 41(b). The duration of Plaintiff's failure to comply with the Court order weighed in favor of dismissal because "almost two years have elapsed since the filing of the complaint," "over ten month have elapsed since the service of the notice of the deposition and Plaintiff has still not been deposed." (*Id.* at 8). Plaintiff was on notice because, inter alia, "[t]he scheduling order specifically advised Plaintiff that a failure to attend, [be] sworn and answer appropriate questions may result in sanctions including dismissal." (*Id.*). The likelihood of prejudice to the Defendants weighed in favor of dismissal because the action has been pending for two years and Plaintiff has continued to refuse to be depose until his restraints are removed. (*Id.* at 9). Given the time consuming, multiple conferences necessitated by this issue, Magistrate Hummel concluded that the Court's interest in managing its docket weighed in favor of dismissal. Finally, Magistrate Judge Hummel found that no lesser sanction would be effective considering Plaintiff's in form pauperis status and his continued refusal to be deposed while in restraints.

With respect to Defendants' motion to dismiss under Fed. R. Civ. P. 37, Magistrate Judge Hummel noted that "the Court and defense counsel have repeatedly advised plaintiff, [that] the determination as to what shackles will be placed on plaintiff during his deposition is made by the

Department of Corrections and Community Supervision rather than the Court and defense counsel," and found that Plaintiff's refusal to be deposed unless the restraints were removed was "another ground weighing in favor of dismissal of the complaint." (*Id.* at 11)

### B. The January 12, 2024 Ruling

The next day, Magistrate Judge Hummel reviewed the docket and noticed that a response from Plaintiff had been filed on January 10, 2024, after the initial ruling had been placed on the record. (Dkt. No. 89-1, at 2). Plaintiff's response, which was due by December 18, 2023, was untimely. (*Id.*). However, because Plaintiff is pro se, Magistrate Judge Hummel reviewed and considered Plaintiff's 87-page response. (*Id*). In addition to several documents Plaintiff submitted without any "discussion or explanation of how all of those documents relate to the pending motion to dismiss," Plaintiff submitted what appeared to be a grievance that he filed regarding his deposition on May 23, 2023. (*Id.* at 3). Magistrate Judge Hummel concluded that after reviewing "the entirety" of Plaintiff's response it was:

> devoid of any direct response to the motion to dismiss or any indication that Plaintiff will voluntarily participate in a deposition unless Plaintiff gets to determine what restraints, if any, will be placed on Plaintiff. As such, it continues to be the recommendation that Plaintiff's complaint be dismissed without prejudice.

(*Id.* at 4).

### C. Discussion of Plaintiff's Objections

In his one-page objection, Plaintiff asserts, inter alia, that it is "not true" that he "never refused to sit for [his] deposition." (Dkt. No. 91). The Court has considered that claim de novo.

The basis for Magistrate Judge Hummel's recommendation is Plaintiff's refusal to be deposed unless restraints were removed. Magistrate Judge Hummel found that on March 24, 2023, Plaintiff refused to participate in a deposition for which he had been produced "because the correction officers would not remove his shackles." (Dkt. No. 89-2, at 3). This finding is

5

amply supported in the record. In her declaration in support of the motion to dismiss, Assistant Attorney General Amanda Kuryluk states that when she arrived at Mid-State Correctional Facility on March 24, 2023 to take Plaintiff's deposition, "Plaintiff initially came out of his cell, but then Plaintiff advised everyone in the room that he was not going to sit for his deposition unless the correction officers removed his handcuffs." (Dkt. No. 68-1, at 2) AAG Kuryluk further stated that "the officers on duty advised Plaintiff that because of his current PIMS level that it would be against DOCCS' policy to remove his handcuffs." (*Id.*).

With respect to the second deposition scheduled for May 23, 2023, Magistrate Judge Hummel noted that Plaintiff filed a letter stating that he would not participate in the deposition until restraints were removed. (Dkt. No. 89-2 at 4). In his letter dated May 1, 2023, Plaintiff wrote "I will not sit in restraint on 5/23/23 at 10:30 a.m. because policy states I will not be under restraints on a visit." (Dkt. No. 59). AAG Kuryluk averred that when she arrived at Mid-State Correctional Facility on May 23, 2023, "Plaintiff was again escorted to the room in the facility where the deposition was going to be taken place, but then proceeded to announce that he would not sit for his deposition." (Dkt. No. 68-1, at 3). Plaintiff appears to have filed a grievance regarding officers' failure to remove his restraints on May 23, 2023, (Dkt. No. 88, at 47), which was denied on May 31, 2023, with a note "left in restraints per DOCCS policy," (*id.* at 48). Having reviewed de novo Judge Hummel's findings regarding Plaintiff's refusal to be deposed unless restraints were removed, the Court finds that the findings are overwhelmingly supported in the record.

The Court need not address Plaintiff's assertion that his response to the motion to dismiss was timely because, in deference to Plaintiff's pro se status, Judge Hummel considered that response and continued to recommend that Plaintiff's complaint be dismissed without prejudice.[2]

The Court has reviewed the remainder of the Report-Recommendation for clear error and found none. Accordingly, the Report-Recommendation is adopted in its entirety for the reasons stated therein.

### III.   CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 89) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for lack of prosecution, (Dkt. No. 68), is **GRANTED**, and Plaintiff's complaint, (Dkt. No. 1), is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 29, 2024
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[2] To the extent Plaintiff's allegation that Magistrate Judge Hummel is biased and prejudiced against him is an objection to the Report-Recommendation, it is rejected. The record reflects that Magistrate Judge Hummel provided great solicitude to the Plaintiff, scheduling numerous conferences in an attempt to resolve the discovery issues and granting Plaintiff numerous extensions of time to respond to Defendants' motion to dismiss. Finally, Plaintiff's assertion that the Assistant Deputy Attorney General handling this case is biased against him is not an objection to Magistrate Judge Hummel's Report-Recommendation and the Court does not consider it here.